## Godwin's Estate.

*Executors and administrators—Appeals—Party aggrieved.*

Where an executor is merely the custodian of the fund, with no interest in its distribution, and there is no question as to the amount to be accounted for, he cannot be affected by any decree of distribution, and he has therefore no ground for appeal ; but where there is a contention respecting the amount which the executor should pay to the parties entitled, and if the decree requires a payment beyond his legal liability, he is aggrieved thereby and has a right to appeal.

*Executors and administrators—Tender—Payment—Interest.*

Where an executor having in his hands the requisite amount, makes an offer of payment, which offer is refused, but does not subsequently keep the tender good by retaining in his hands an amount sufficient to make the payment, but uses the money for other purposes, he will be liable for interest when he finally makes payment.

Argued Jan. 17, 1903.   Appeal, No. 1, Jan. T., 1903, by

Patrick Walsh, from decree of O. C. Lackawanna Co., dismissing exceptions to adjudication in estate of John J. Godwin. Before BEAVER, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ. Affirmed.

Exceptions to adjudication. Before VOSBURG, P. J.

From the record it appeared that John J. Godwin died testate on December 28, 1894. By his will he bequeathed to the children of his deceased brother Peter, Mary, Catharine, John and Peter, $1,000 each. About one year after the death of decedent, his executor, Patrick Walsh, went to John J. Brown, the guardian of the children, and offered him a check dated December 29, 1895, for $3,800, which was the amount of the legacies, less collateral inheritance tax. Mr. Brown refused to accept the money.

No demand was made for payment of the legacies by the guardian until 1901. Then the guardian refused to accept the legacies unless interest from one year after the death of the decedent was added.

The auditing judge reported that the legacies should be paid with interest. The interest was allowed on the ground that the tender was not kept good by a retention of the money in the hands of the executor.

Exceptions to the adjudication were overruled.

*Errors assigned* were in overruling exceptions to adjudication.

*S. B. Price*, for appellant.—The executor should not have been charged with interest: Brown v. Dysinger, 1 Rawle, 408; Hampton v. Speckenagle, 9 S. & R. 212; Yoder's App., 45 Pa. 394; McElhenny's App., 46 Pa. 347; Vandergrift's App., 80 Pa. 116; Thompson v. McKinley, 47 Pa. 353.

In cases which are not strictly one of debtor and creditor, the rule that the tender must be kept up, does not apply: Henry v. Raiman, 25 Pa. 354; McGraw v. Lothrop, 4 W. & S. 316.

A waiver by refusal is equivalent to a tender: Williams v. Bentley, 27 Pa. 294; Brown v. Campbell, 1 S. & R. 176; Grim's Est., 147 Pa. 190.

*C. H. Wells*, of *Wells & Torrey*, for appellee.—Interest upon a

legacy begins to run from the time it becomes payable: Yale University's App., 170 Pa. 242.

There is nothing to show that the fund or any part of it has been kept on hand uninvested for the purpose of meeting the liability in question. For aught that appears, it has been invested or otherwise productive all the while: Sproul's App., 105 Pa. 442.

In order to make a legal tender that would have caused the interest to cease, the executor should have tendered the amount he admitted to be due and have kept the tender good: Peugh v. Davis, 113 U. S. 542 (5 Sup. Ct. Rep. 622).

An accountant, if he holds a share or legacy of the distributee and cannot pay it over, should deposit it on interest in a savings bank or trust company, or, as a last resort, pay it into court; Vogdes's Estate, 23 W. N. C. 471; Sheredine v. Gaul, 2 Dallas, 190; Harvey v. Hackley, 6 Watts, 264.

OPINION BY SMITH, J., March 12, 1903:

We have no doubt of the executor's right to appeal from the decree in this case. When an executor is merely the custodian of the fund, with no interest in its distribution, and there is no question as to the amount to be accounted for, he cannot be affected by any decree of distribution, and has therefore no ground for an appeal. But such is not the present case. There is a contention respecting the amount which the executor should pay to the parties entitled, and if the decree requires a payment beyond his legal liability, he is aggrieved thereby and has a right to appeal.

When the legacies to the children of Peter Godwin became payable, the executor had in his hands the requisite amount, and made an offer of payment, which was declined by the guardian of the legatees. Some six years afterward, the guardian demanded the legacies, with interest from the date at which they were payable, and the question here is whether the claim for interest is well founded.

Whether, in law, the offer made by the executor to the guardian was a tender, is not material. It does not appear that the sum offered was thereafter kept ready to meet the guardian's demand, either by special deposit or payment into court. On the contrary, when payment was finally demanded, the money

was not in the hands of the executor, having meantime been used by him for other purposes. Even if a legal tender had been made, it was not kept good, and thus any advantage arising from it was lost. Under the circumstances disclosed in the case, there can be no doubt of the executor's liability for interest. The decree is therefore affirmed.